IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SHAKENA NORWOOD,<br><br>    Plaintiff,<br><br>v.<br><br>AYSHA ENTERPRISES, INC.,<br>A GEORGIA CORPORATION,<br>AND ALEEM VIRJI,<br>INDIVIDUALLY,<br><br>    Defendant. | Civil Action No.<br>3:13-CV-139-CDL |

**JOINT MOTION FOR COURT REVIEW AND APPROVAL OF SETTLEMENT AGREEMENT AND MOTION TO STAY PROCEEDING AND MEMORANDUM IN SUPPORT THEREOF**

COME NOW, Plaintiff Shakena Norwood and Defendants Aysha Enterprises, Inc. and Aleem Virji, by and through their respective counsel, and jointly file this Motion for Court Review and Approval of Settlement Agreement and in support thereof show this Court the following:

### I.    INTRODUCTION

The parties respectfully request that the Court review the terms of the Settlement Agreement (filed hereto as Exhibit A) and grant the proposed Order approving the Settlement Agreement as per *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) and dismiss the case *with prejudice* based on the grounds fully set forth herein.

1

## II.    MEMORANDUM OF LAW

The parties request the Court review and approve the Settlement Agreement so that the resolution of the case will be in accord with the Eleventh Circuit's decision concerning compromising and/or settling of Fair Labor Standards Act (FLSA) claims, *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982).  In *Lynn's Food Stores*, the Eleventh Circuit set forth two ways in which wage claims arising under the Fair Labor Standards Act may be settled or compromised by employees.  The first is through a payment with the Secretary of Labor. The second is for a private suit to be filed by employees and for the settlement to be reviewed and approved by the Court. It is the second of these procedures the parties are following in this case.

Plaintiff was employed by Defendant Aysha Enterprises, Inc., from October, 2012, until August, 2013. She alleges that she was not paid the overtime premium for hours worked in excess of forty hours per week, in violation of the FLSA, and filed suit for lost pay, liquidated damages, and attorneys' fees and costs. Defendant Virji is Aysha Enterprises, Inc.'s CEO.

After negotiations, the parties agree that Plaintiff is owed eight hundred fifty-four dollars and forty-one cents ($854.41) in back pay and the Defendants have agreed to pay eight hundred fifty-four dollars and forty-one cents ($854.41), subject to statutory payroll withholding, in back pay, and eight hundred fifty-four dollars and

forty-one cents ($854.41) in liquidated damages. Defendants have also agreed to pay attorneys' fees and costs of two thousand five hundred dollars ($2,500), for a total settlement amount of $4,208.82, even though Defendants continue to deny they were aware that Plaintiff was entitled to overtime compensation. Since Defendants are paying the full amount owed to Plaintiff and her counsel, the settlement is reasonable and should be approved.

The parties have been represented by counsel throughout the negotiation of the Settlement Agreement and the Plaintiff voluntarily releases her claims against Defendants relating to her claims for wages in exchange for sufficient consideration.

The costs being paid total $837.72 and are comprised primarily of the $400 filing fee, plus $200 for service of process. The remaining $1,662.28 represents attorneys' fees based on Plaintiff's counsel expending approximately 5-6 hours at a rate of $300 per hour, and approximately 1-2 hours of paralegal time at $105 per hour. This is below counsel's normal billing rate and the parties agree this fee is reasonable taking into considering the legal criteria for awarding attorneys' fees under fee shifting statutes. See *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. Of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Additionally, because Plaintiff is receiving 100% of her FLSA overtime damages and liquidated damages exclusive of the attorneys' fees, as well as attorneys' fees and costs being negotiated separately, Plaintiff's settlement is not

compromised and this Court should approve the settlement and fee to be paid. See *Bonetti v. Embarq Mgmt. Co.,* 2009 WL 2371407 (M.D. Fla. 2009).

Thus, Plaintiff requests that this Court approve the requested fees and costs of $2,500.00.

WHEREFORE, the parties respectfully request the Court approve the attached settlement agreement.  Under the terms of the settlement, however, this action will not be dismissed until the Defendants make all payments under the agreement.  Thus, the parties ask that this matter be stayed until the payments have been made and thereafter that it be dismissed with prejudice.

A proposed Order is attached hereto.

This the 4th day of March, 2014.

JOINTLY FILED BY:

| s/C. Ryan Morgan | s/ Janet E. Hill |
|---|---|
| C. Ryan Morgan, Esq. | Janet E. Hill, Esq. |
| Georgia Bar No. 711884 | Georgia Bar No. 354230 |
| Morgan & Morgan, P.A. | Hill & Associates, P.C. |
| 20 N. Orange Ave., 16th Floor | 1160 S. Milledge Avenue |
| P.O. Box 4979 | Suite 140 |
| Orlando, Florida 32802 | Athens, Georgia 30605 |
| (407) 420-1414 | (706) 353-7272 |
| RMorgan@forthepeople.com | janet@hillworklaw.com |
| | |
| Counsel for Plaintiff | Counsel for Defendants |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SHAKENA NORWOOD,<br><br>    Plaintiff,<br><br>v.<br><br>AYSHA ENTERPRISES, INC.,<br>A GEORGIA CORPORATION,<br>AND ALEEM VIRJI,<br>INDIVIDUALLY,<br><br>    Defendant. | Civil Action No.<br>3:13-CV-139-CDL |

## ORDER

Upon application of the parties and upon review of the private settlement agreement agreed to by the parties in this action, the Court has reviewed this matter and concludes that the terms of the settlement agreement are reasonable and satisfactory. This Court thereby orders that the above-styled action be dismissed with prejudice.

This the _____ day of _____, 2014.

_____
Clay D. Land, Judge
United States District Judge